When you approach the bench, please tell us your name and who you represent. We have allotted 15 minutes to each side, and we'll give an extra time for rebuttal. And please speak up so that everyone in the courtroom can hear you. And we will now begin. If you would call the first case, please, or the only case today. Good morning. Good morning. Good morning. I'm representing Edward Burns. I'm sorry, Counselor, your name? Adrian River. There are two issues at dispute here. One, whether — Counsel, you're going to have to speak up. We can't hear you. It's not a mic. Oh, okay. There are two issues at dispute here, whether Aguilar officially renders invalid convictions under the aggravated EUW statute for felons and whether Aguilar correctly held that the statute was facially invalid. I'm going to address those two in that order, unless the Court has a different preference. The Illinois Supreme Court held that a portion of the aggravated EUW statute was facially invalid. Therefore, the offense created by that statute doesn't exist. It is as if it never existed. So it renders void any conviction for any defendant. So, therefore, it renders void a conviction for defendants like Burns, because they had a prior felony, did not have Second Amendment rights. Indeed, the State's rehearing in Aguilar recognizes that as the effect of the decision. But in this court, the State argues inconsistently the opposite. It's arguing that because of the enhancement based on the prior felony, that somehow Burns was convicted of a different offense, even though it was the same subsections as Aguilar defendant. So the State is incorrectly equating a sentencing enhancement provision with an element of the offense. The prior felon status is not mentioned as an element. It only appears in the sentencing subsection of the statute. In fact, the trial- The conviction that is the subject of the conviction was also presented as evidence in the case. Is that correct? Two certified convictions went into evidence, and one of them related to this charge here. Well, actually, the State tried to introduce the one conviction that was referred to in this aggravated UW count, and the trial judge, recognizing and stating it was not an element of the offense, did not allow that evidence to come in substantively. So the evidence of the other convictions for the other charges, he was acquitted on those. He was acquitted? Acquitted, or those were the ones that were, those convictions were later vacated on the rehearing? Well, upon reconsideration, the defense counsel made an argument to the trial court that one conviction was under an alias, and the court said the State had not proved that beyond a reasonable doubt, and that was the basis for the acquittal of the unlawful use of a weapon by a felon count and armed habitual count. Thank you. I'm sorry. No, go ahead. I understand the question. So we've cited Illinois Supreme Court cases that state this black letter law, that a sentencing factor does not change the offense. For example, People v. Von Schuch was relating to a DUI sentencing factor case, said those factors, quote, do not create a new offense, end quote. So similarly here, a sentencing factor of a prior felony does not create a different offense of aggravated UUW. Burns was convicted and sentenced under the exact same subsections as Aguilar defended. So the clear effect of that Illinois Supreme Court decision is to invalidate his conviction. Now, the petition for rehearing is still pending in Aguilar. But I submit that Aguilar correctly held the statute was facially invalid. A statute is facially unconstitutional if there's some inescapable inherent flaw that renders law invalid under all circumstances. And the flaw here is that this statute bans everyone from exercising these Second Amendment rights. I submit that a statutory ban on all persons exercising a constitutional right is facially invalid. Now, the state argues it can be validly applied to defendants with prior felonies. But, in effect, the state is asking this court to add an element to the statute that doesn't exist. And a court cannot, as a remedy for a constitutional defect, rewrite a statute to insert a new element. I mean, it's akin to an ex post facto law. This is a new offense that didn't exist at the time that is not appropriate for the court. I have a question regarding the constitutional issues the state is raising with regards to the defense's interpretation. With regards to the what? To the state's argument with regards to the defense's interpretation as to its constitutional issues. Yes. Shouldn't this court be avoiding interpreting a statute in a way that raises constitutional issues? Well, if it can be avoided, yeah, you should decide a case based on a non-constitutional basis. That's correct. But the argument that we're making is based on Aguilar, which held that the statute is unconstitutional. In fact, it's interesting to note that the Aguilar defendant was 17 years old. And the second part of the opinion, the court said minors do not have Second Amendment rights. And it didn't explicitly address this, but I think it implicitly recognized that the defendant being in a category of persons who lack Second Amendment rights was not a reason to find the statute invalid. Just as a minor is not an element of the offense, so is true for felon status. I cited the McDonald case from the Fourth Circuit, which I think is very analogous. The state has not cited any analogous case to support its position. It's similar in that the criminal statute there barred all instances of certain sexual conduct. It wasn't limited to conduct that wouldn't be protected, obviously, between a minor and an adult. And even though the defendant was charged with soliciting that offense with a minor, the court held that the statute was facially invalid. It was incumbent upon the legislature to include as an element that the offense involved an adult and a minor. So based on that case law and Aguilar itself, being a felon cannot be held to be a circumstance to which the statute can be applied. And I submit Aguilar was correctly decided. I have a question with regards to the state's petition for rehearing. They're asking this court to refrain entering an order until the Supreme Court makes a determination one way or another with regards to the petition for rehearing. Should we be entering orders releasing felons from prison with regards to decision? Well, I think as a practical matter, I would wait to see what the only Supreme Court rules on that petition. It's not final. I know that courts have relied on Aguilar at least in the non-felon situation, but this court could make its own determination. Nothing barring you from ruling before Aguilar, we're hearing, is ruled on. So you're arguing that we shouldn't wait for the petition to be determined one way or another? I think we should do what's appropriate. I'm concerned I have a client who's been in jail, in prison, for about three years for what I consider, I mean, based on Aguilar, is a nonexistent offense. And is there anything that you can update us on the Supreme Court petition for rehearing? I wish. I've been checking every day in my e-mail. It's been pending for two months. I don't have any other information on that. Okay. Did they seek any response as to the petition for rehearing? I don't know, but maybe Mr. Spellberg might have more information. Okay. We'll hold that question for him. Okay. Thank you, Counsel. Thank you. Good morning, Your Honors. Good morning. I'm Assistant State's Attorney Alan Spellberg, representing the people of the State of Illinois. As Counsel stated, yes, our petition for rehearing in People v. Aguilar is still pending in the Illinois Supreme Court. We filed it in a timely fashion on October 3rd. It was the only case on the court's rehearing docket in the November term, and the court did not act upon it. It is still pending. They have not requested a response. In my experience, it is unusual for the court to not act upon a petition for rehearing when it's pending before it. So beyond that, I have no additional information. Like Counsel, I am eagerly anticipating the outcome of that petition for rehearing. But it's a conundrum at the moment, admittedly. Counsel has indicated that other courts have acted on Aguilar. Can you inform us as to what has been going on? Yes. In the first district, as you probably know, there have been three appellate court Rule 23s which have addressed Aguilar, two of which involved claims very similar to this, involving a defendant who has a criminal background, is a felon, and was convicted of what we assert would be the Class II version of the EUW provision. In both of those cases, the appellate court vacated pursuant to Aguilar, the defendant's conviction. In both of those cases, we filed a petition for hearing in a timely fashion. In both those cases, those petitions for hearing remain pending here in the appellate court, one of which in the case of People v. Tyrus Jackson. And I'm sorry, I don't remember the number, but it's T-Y-R-I-S-J-A-C-K-S-O-N. In People v. Tyrus Jackson, the appellate court specifically ruled that it would refrain from ruling upon our petition for hearing until the Supreme Court has ruled upon the petition for hearing in Aguilar. So that's the current status in the appellate court. And I just offer that, recognizing the Rule 23s, and I'm not citing them for authority, and I just wanted to let you know as to where your appellate is at. And on the third case, did not deal with someone with a prior? The third case was a juvenile case of Rule 23 that just came out last week, which affirmed the minor respondent's finding of adjudication of delinquency based upon a no FOID count and the under 21 while not engaging in wildlife activities, but pursuant to Aguilar vacating the loaded-in-case-immediately-accessible provision. So those are the only three decisions that we've seen in the first district involving Aguilar. I believe there was one downstate case addressed also, but besides that, there's been no real movement. There's been, as I'm sure you're probably aware, extensive litigation in the circuit courts regarding Aguilar, with much uncertainty as to how it should be applied and where it should go. But what our position here today is, and let me just be very clear, as we acknowledge in our supplemental brief, as we acknowledge in our response to the defendant's emergency motion for release, we recognize that Aguilar held that a conviction under A3A is void. We don't dispute that. What we've offered in response is the same arguments that we've offered to the Supreme Court, which is maybe it's not facially unconstitutional because it can be applied under the plain language of the statute in a lawful manner. And the reason why I say the plain language of the statute is not because the elements, which are found in subsection A3A, but because the statute itself, 24-1.6, specifically includes references to defendants with prior convictions. It sets them out separately from all other defendants. Meaning a defendant who does not have a background is treated as a Class 4 felon, whereas a defendant who does have a background is treated as a Class 2 felon. Counsel, if you raise those arguments at the Supreme Court level and they found the statute to be facially unconstitutional, then isn't this Court obligated to follow Aguilar? Yes, of course you're obligated to follow Aguilar. But importantly, this precise argument regarding the application to people with convicted felons was not part of the original briefing of the case. It was not the direction of the argument. It was only after the decision came out that we recognized that the Court's determination of facial unconstitutionally void ab initio would have a broad-reaching effect, probably farther than what the Court intended, given the language of the Aguilar decision itself, recognizing the authority of the legislature to restrict guns to felons. And I know counsel has talked about in the briefs about how, while they do have the offense of unlawful use of a weapon by a felon, but aggravated UUW is a different offense because an unlawful use of a weapon by a felon is a crime if you own a gun anywhere, if you possess a gun anywhere, whether you're at home or elsewhere. Whereas this provision, if you're a felon, it is a Class II because you have a loaded, uncased, immediately accessible firearm while you are out in public, not on your own property, not in the area where you're entitled to be. And it's our view that the legislature considers that to be a more serious crime than simply being a felon in possession of a gun, but being a felon in possession of a gun which is ready to be used in public. And so that's why we believe that the legislature here intended this to be applied in a proper manner. And that's why they set out in subsection D a separate sentencing provision for people with a prior conviction. And so the answer to that by the defendant is that that's not an element of the offense, as these statutes generally are read, but an enhancement. And again, we acknowledge, as you'll see in our supplemental brief and in our response, we know the elements are the same, but it's our position, and we cite a case in Ray C.E. which stands for the proposition that a determination of a facial analysis isn't limited solely to the question of the elements itself, but to the statute as a whole in the context in which it's written. Now, I know the council cites the federal habeas corpus case from the 4th District, McDonald v. Moose, to say that that's an analogous situation. I would point out that in that case, which involved sexual conduct, the argument involved whether or not it could be lawfully applied against a person who's engaging in sexual conduct with a minor. There's no reference anywhere in the language of the statute at issue to a minor. So there the prosecution was arguing, well, fine, the statute itself is overly broad. It applies to everything. But look at this particular type of situation where it could be applied. That's different. That's trying to take a set of facts and engraft it onto the statute. That's not what we're offering here. What we're saying here is that the legislature identified a certain type of class of defendant under the statute, the legislature did, included it in the plain language of the statute, and that's how the statute is being lawfully applied against him. That's this defendant. That's Mr. Edward Burns, and that's the reason for our position. Recognizing from the start that this court doesn't have the authority to overrule or ignore or negate Aguilar at all, but that's the position that we've taken, which is consistent with the position we've taken in the appellate court, consistent with the position we've taken in the Supreme Court, and consistent with the position we're taking in the Supreme Court, in the circuit court. We're waiting for a ruling. Counsel, a defense in our argument raised the issue that you didn't respond to People v. Von Schuch, or Schuch, I believe it is, which indicates that there are no different sentencing factors that create separate offenses. Can you respond to that? Of course. Von Schuch is a compulsory joinder case that involved a lengthy, protracted pretrial litigation by a downstate state's attorney, and then in a DUI case that ultimately decided to upgrade the case from a misdemeanor DUI to a felony aggravated DUI. And the question there was whether or not it was a new charge, an entirely new case, in which would thereby trigger or not trigger the speedy trial term. And what the Illinois Supreme Court said was, it's the same offense. It's just the aggravated version of the same offense. It's just not pertinent to this discussion here because there, there was no question that that defendant could be prosecuted for an Ag DUI, as well as a misdemeanor DUI. It was just whether or not the prosecution had done it properly in a timely fashion. Here, however, this defendant has never been prosecuted for anything other than a Class II Ag DUI. As we attach to our response to the emergency motion for release, it's been attached as part of the record, you will see the indictment for the aggravated DUI for Count 6, of which he was convicted, specifically identifies his prior conviction. He knew from the start he was being treated as a Class II felon for this offense, based upon his prior conviction. And so there was never any concern or question of impropriety at the beginning. It was always that this was the precise offense that he was being treated with. So that's our position. It's. All right. And another question I have is if the court found in Aguilar that the statute's unconstitutional and we need an offense and a sentence, and if the statute's unconstitutional, there goes the offense. Your Honor, what you just said briefly summarizes our petition for re-hearing in the Illinois Supreme Court. That's exactly what we're saying. That's exactly the point that I make in regards to the citation of City v. Roman, that if it's facially unconstitutional, we recognize that's what the court held, but if it's facially unconstitutional, then yes, it all falls out. But we've asked the court to recognize, to look back and say, wait a minute, in this instance legislature intended it to be applied separately and differently to people with criminal backgrounds, with felony criminal backgrounds. And so, therefore, it should be treated not as a facial unconstitutionality, but in this limited instance as applied unconstitutionality. Do we need the Supreme Court to reach that decision and not? I don't know that this court can do what you're asking. That's why I'm stressing that we're not asking you to do that. The argument that's being presented by the defense here, first from their motion for immediate release was he's entitled to release right away, because we've pointed out this is why we believe he's not entitled to be released, because he has a lengthy criminal background. The statute is constitutionally being applied to him. But we recognize what Aguilar says. Without any question, you'll see throughout our brief, we know what the Supreme Court is binding upon this court. If you're not asking us to do that, then what are you asking us to do? Well, what we are asking exactly is recognizing what Aguilar says, but the petition for hearing is still pending. We'd say if the Supreme Court grants our petition for hearing and were to amend the ruling in Aguilar to make it as applied, as we explain in our brief, as we explain in the petition for hearing, then certainly that would be appropriate to affirm in this situation. If they don't rule in that way and they deny our petition for hearing, then we would acknowledge that under Aguilar the defendant's conviction here should be vacated. But right now we're in a limbo for proceedings. That's why we've asked at the end of our supplemental brief that this court stay the proceedings or wait until the Supreme Court rules. As I said at the beginning, it's a conundrum for me as to why they haven't ruled yet. It indicates to me that they're seriously thinking about it. Beyond that, I don't know what could possibly be going on. But I don't know. But the one thing I know for certain is that if this court were to rule, either us before the petition for hearing is ruled, either us or the defense would file a petition for relief to appeal to the Supreme Court because the question is open. We just don't know what's going on. And the other side of the coin is that Mr. Burns, in the meantime, is still sitting in self. And the defense feels that he shouldn't sit in any longer than he needs to. I recognize, Your Honor. That's why we've made the arguments as to what we believe. Those are decisions for the judiciary. It's our belief that he is properly in prison, that he is properly convicted of a crime which applies to him. But I'm recognizing that this court has a different role and a different authority. For that reason, we stand on the arguments in our supplemental brief. Thank you. Thank you, Counsel. Counsel discusses the plain language of the statute and continues to refer to a sentencing provision for its position. The effect of Aguilar is that A1, A3A, the subsections involved here, no longer exist. So if they don't exist, there's nothing to apply the sentencing enhancement to. The distinction of the Von Schoick case is inapt. It doesn't matter what the procedural posture is. It's black letter law that a sentencing enhancement does not change the nature of the offense. And the whole premise of the state's argument is that Edward Burns was convicted of a different offense than the Aguilar defendant, and that's just not true. The intent of the legislature must be reflected in the statute providing the elements for the offense. Felon status is not an element of the offense. For those reasons, we'd ask you to find the statute's official invalid and applies to invalidate the conviction of Edward Burns. Thank you. Thank you, Counsel. Thank you. The matter will be taken under advisement. Thank you all.